**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Kenneth Violette


        v.                                    Civil No. 07-cv-047-PB


New Hampshire State Prison, Warden


                            **O R D E R**


        Pro se petitioner Kenneth Violette has filed a petition for
a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,
challenging consecutive sentences imposed by the New Hampshire
Superior Court (document nos. 1 and 5).  The petition is before
me for preliminary review.  See Rule 4 of the Rules Governing §
2254 Proceedings ("Habeas Rules") (requiring initial review to
determine whether the petition is facially valid); see also
United States District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to
preliminarily review pro se pleadings).

        For the reasons stated below, I find that the petition does
not at this time make a facially sufficient showing that Violette
is entitled to relief.  I therefore order him to amend the
petition to demonstrate exhaustion of each claim before I will

direct that the petition be answered.  Violette also moves to
certify this action as a class on behalf of himself and fifty-
five other inmates incarcerated at the NHSP (document no. 3).
For the reasons stated below, his motion for class certification
is denied.

### Background

Violette was convicted on July 1, 1998 by the New Hampshire
Superior Court (Hillsborough County) of four counts of aggravated
felonious sexual assault pursuant to N.H. Rev. Stat. Ann. ("RSA")
632-A:2 and one count of attempted aggravated felonious sexual
assault pursuant to RSA 629:1.  He was sentenced to a term of
imprisonment, which he is currently serving at the New Hampshire
State Prison ("NHSP").  He did not file a direct appeal of his
conviction.

Subsequently, Violette filed with the superior court a
petition to correct illegal sentence.  Although he has not
provided this Court with a copy of the petition, he allegedly
raised the following claims: (1) imposition of consecutive
sentences must be expressly authorized under New Hampshire law;
(2) constitutional fair notice requires that consecutive
sentences be explicit within the statutes; (3) "design of

cumulative punishments, not expressly authorized by statute,

intrudes on legislative substantive lawmaking powers;" (4)

"judicial distortion of legislatively designed and

constitutionally mandated proportional punishments results in

disproportionate punishments;" and (5) "since the N.H. Criminal

Code lacks any consecutive sentencing authorization, it is

ambiguous and subject to lenity."  The superior court denied the

petition on April 19, 2006.

Violette subsequently filed an appeal with the New Hampshire

Supreme Court ("NHSC").  He has not provided this Court with a

copy of the appeal, and the record is silent as to the precise

issues raised therein.  The record indicates, and Violette

concedes, that the NHSC deferred ruling upon his appeal pending

the court's decision in Duquette v. Warden, NH State PrisonM, No.

2006-079, 2007 WL 120602 (N.H. Jan. 19, 2007).

In the instant petition, Violette alleges the following two

grounds for federal habeas corpus relief:

1.   Imposition of consecutive sentences under New
     Hampshire law violates federal due process where:

          (a) fair notice is not provided regarding the
          risk of imposition of consecutive sentences;

          (b) ambiguities in the New Hampshire criminal
          statutes are not construed in a defendant's

favor, in violation of the rule of lenity; and

(c) consecutive sentences are not authorized under New Hampshire law (Ground One); and

2.    "Judicial use of UNGRANTED substantive punishment design powers violated federal Due Process by subjecting citizens to punishments that are neither authorized nor Legislatively designed" (Ground Two).[1]

## Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see <u>Ayala Serrano v. Gonzalez</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

---

[1]The precise issue raised in Ground Two is unclear. Accordingly, Violette is ordered to amend Ground Two of the petition to identify his claim and the federal nature of his claim.

**Discussion**

I.   Custody and Exhaustion

To be eligible for habeas relief, Violette must show that he
is in custody and has exhausted all state court remedies (or that
he falls within a narrow category of cases in which exhaustion is
not required, such as the absence of an available or effective
state corrective process).  See 28 U.S.C. § 2254(a) & (b); see
also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the
first requirement as he is currently incarcerated at the NHSP and
thus is in custody.  However, Violette fails to satisfy the
second requirement because the petition does not demonstrate that
he has fully exhausted his state remedies with regard to each
claim.  Nor has he alleged any facts to suggest that effective
state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when
the State's highest court has had an opportunity to rule on the
petitioner's federal constitutional claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S.
1007 (1989) ("habeas corpus petitioner must have presented the
substance of his federal constitutional claim to the state
appellate courts so that the state had the first chance to

correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Violette raises two grounds for federal habeas corpus relief.  Although he alleges that the claims and the federal nature of the claims were presented to the NHSC for review, he has not provided this Court with a copy of his state court appeal.  Moreover, the record indicates, and Violette concedes, that the NHSC deferred ruling upon his appeal pending the court's decision in Duquette v. Warden, NH State Prison, No. 2006-079, 2007 WL 120602 (N.H. Jan. 19, 2007). Accordingly, he has failed to demonstrate exhaustion of state remedies as to claims raised in his federal petition.

To demonstrate exhaustion of his claims, Violette must provide this Court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In particular, he should provide this Court with a copy of the notice of appeal filed with the NHSC.  Violette is further instructed to clarify Ground Two of the petition as his claim and federal nature of his claim are unclear.  He may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

II.  Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See  Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court

to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182–83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  Accordingly, because it is clear that Violette is attempting to exhaust his claims in state court, I will order the proceedings stayed and the petition held in abeyance pending his complete exhaustion of state remedies.

III. Class Certification

Pursuant to Fed. R. Civ. P. 23, Violette moves to certify this action as a class on behalf of himself and fifty-five other inmates incarcerated at the NHSP (document no. 3).  The proposed

members of the class seek federal habeas corpus relief on the
basis that their consecutive sentences were imposed unlawfully.
For the reasons stated below, Violette's motion to certify the
class is denied.

It is well-established that pro se litigants are not
permitted to appear for others in federal courts.  See Herrera-
Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("The
federal courts have consistently rejected attempts at third-party
lay representation.").  By law an individual may appear in
federal court only pro se or by legal counsel.  Id. (citing 28
U.S.C. § 1654).  With regard to class representation, "[a] pro se
plaintiff may not possess the knowledge and experience necessary
to protect the interests of the class as required by Rule
23(a)(4)."  Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988)
(denying pro se plaintiff's motion for class certification
because of his inability to fairly and adequately protect the
interests of the class).  Consequently, courts have declined to
certify a class where a pro se litigant will act as the
representative of the class.  Id.  This is particularly true
where, as here, a pro se prisoner requests certification to
represent a class of prisoners.  See Oxendine v. Williams, 509

9

F.2d 1405, 1407 (4th Cir. 1975) (holding that "it is plain error
to permit [an] imprisoned litigant who is unassisted by counsel
to represent his fellow inmates in a class action."); <u>Awala v.
Fed. Pub. Defender</u>, 176 Fed. Appx. 334, 335 (3d Cir. 2006)
(unpublished) (declining to certify a class because a prisoner
acting pro se would not be able to adequately represent the
interests of the prisoners he sought to represent as a class);
<u>Fowler v. Lee</u>, 18 Fed. Appx. 164, 165 (4th Cir. 2001)
(unpublished) (holding that "it is plain error for a pro se
inmate to represent other inmates in a class action).  In light
of the foregoing, Violette's motion to certify this action as a
class (document no. 3) is denied.  This denial is without
prejudice to his motion being renewed should he subsequently
retain counsel and seek class certification.

### Conclusion

For the foregoing reasons and because the claims raised in
Violette's petition have not been exhausted, I will allow him an
opportunity to amend his petition to demonstrate exhaustion of
state remedies with regard to his claims and the federal nature
of those claims.  To make this showing, he is instructed to
provide the court with a copy of his notice(s) of appeal to the

NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days.

The proceedings will be stayed and the petition held in abeyance, pending Violette's complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  Violette is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform this Court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Violette must notify this Court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 6, 2007
cc:   Kenneth Violette, pro se