UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kenneth Violette

    v.                                  Civil No. 07-cv-047-PB

New Hampshire State Prison, Warden


**O R D E R**

Pro se petitioner Kenneth Violette has filed a petition for a writ of habeas corpus and amendment thereto, pursuant to 28 U.S.C. § 2254, challenging the consecutive sentences imposed upon him by the New Hampshire Superior Court (document nos. 1, 5 and 7). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). For the reasons stated below, I order the petition served on the respondent.

**Background**

Violette was convicted on July 1, 1998 by the New Hampshire Superior Court (Hillsborough County) of four counts of aggravated

felonious sexual assault pursuant to N.H. Rev. Stat. Ann. ("RSA") 632-A:2 and one count of attempted aggravated felonious sexual assault pursuant to RSA 629:1.  He was sentenced to a term of imprisonment, which he is currently serving at the New Hampshire State Prison ("NHSP").  He did not file a direct appeal of his conviction.

Subsequently, Violette filed with the superior court a petition to correct illegal sentence.  Although he has not provided this Court with a copy of the petition, he allegedly raised the following claims:

1. imposition of consecutive sentences must be expressly authorized under New Hampshire law;

2. constitutional fair notice requires that consecutive sentences be explicit within the statutes;

3. "design of cumulative punishments, not expressly authorized by statute, intrudes on legislative substantive lawmaking powers;"

4. "judicial distortion of legislatively designed and constitutionally mandated proportional punishments results in disproportionate punishments;" and

5. "since the N.H. Criminal Code lacks any consecutive sentencing authorization, it is ambiguous and subject to lenity."

The superior court denied the petition on April 19, 2006.

Violette subsequently filed a discretionary appeal with the New Hampshire Supreme Court ("NHSC") in which he alleged the following claims:

1. the sentencing court lacked statutory authority to impose consecutive sentences;

2. Violette was denied fair notice regarding the risk of imposition of consecutive sentences in violation of his right to due process under state and federal law;

3. imposition of consecutive sentences violates the constitutional separation of powers;

4. the consecutive sentences imposed upon Violette were illegal because they exceeded and therefore were disproportionate to the sentences authorized by New Hampshire statute; and

5. lacking a statute specifying how multiple sentences may be imposed, the New Hampshire Criminal Code should be construed in a defendant's favor, as required by the rule of lenity.[1]

Attached to the appeal was an appendix in which Violette cited to both state and federal precedent in support of his claims. The

---

[1] Defining the rule, the First Circuit has held that "[i]n a criminal case, the rule of lenity requires a court to resolve true statutory uncertainty in the accused's favor." United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002). The rule, however, is one of statutory interpretation. See Sabetti v. DiPaolo, 16 F.3d 16, 19 (1st Cir. 1994). Thus, federal courts lack the power to apply the rule of lenity to a state statute, except to serve constitutional interests. See Sabetti, 16 F.3d at 19; accord Lurie v. Wittner, 228 F.3d 113, 125-26 (2d Cir. 2000).

NHSC deferred ruling upon his appeal pending the court's decision in Duquette v. Warden, NH State Prison, No. 2006-079, 2007 WL 120602 (N.H. Jan. 19, 2007).

On February 21, 2007, Violette filed the instant petition in which he alleged the following two grounds for federal habeas corpus relief:

1. imposition of consecutive sentences under New Hampshire law violates federal due process where:

    (a) fair notice is not provided regarding the risk of imposition of consecutive sentences;

    (b) ambiguities in the New Hampshire criminal statutes are not construed in a defendant's favor, in violation of the rule of lenity; and

    (c) consecutive sentences are not authorized under New Hampshire law (Ground One); and

2. "[j]udicial use of UNGRANTED substantive punishment design powers violated federal Due Process by subjecting citizens to punishments that are neither authorized nor Legislatively designed" (Ground Two).

This Court stayed the proceedings and held the petition in abeyance pending the NHSC's ruling on Violette's state court appeal.  Violette was further instructed to clarify Ground Two of his petition.  On April 13, 2007, the NHSC declined his appeal without opinion.  Having requested this Court to lift the stay of proceedings, Violette now seeks preliminary review his federal

petition. In addition, he has clarified that Ground Two of his petition is "an extension or derivative of the 'Fair Notice' claim" raised in Ground One.

### Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988). I apply this standard in reviewing Violette's petition.

### Discussion

I.   Custody and Exhaustion

To be eligible for habeas relief, Violette must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective

state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NHSP.  As discussed more fully below, he also satisfies the second requirement as he has demonstrated exhaustion of state remedies with regard to each claim raised in his federal petition.

   A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has

fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Violette raises two grounds for federal habeas corpus relief, as identified above. The two grounds are identical to the claims raised by Violette in his discretionary appeal that was presented to the NHSC for review. While he could have presented his federal constitutional issues in a more direct and precise manner, his discretionary appeal was minimally sufficient to apprise the NHSC of the federal constitutional dimension of his claims. I therefore find that the two claims presented here, including the federal nature of the claims, have been properly exhausted in the state courts to allow Violette's federal habeas corpus action to proceed at this time.

## Conclusion

Accordingly, I direct that Violette's petition be served on the respondent. See Habeas Rule 4. The respondent shall file an answer or other pleading in response to the allegations made therein. See id. (requiring reviewing judge to order a response to the petition). The Clerk's Office is directed to serve the

New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this Order and the habeas petition (document nos. 1, 5 and 7).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> Habeas Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 17, 2007

cc:   Kenneth Violette, pro se